IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLEY LAMARCHE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, *et al.*, <br><br> *Defendants*. | Case No. 3:23-cv-30029-MGM <br><br> HON. J. MARK D. MASTROIANNI |

**MOTION TO DISMISS PURSUANT TO FED R. CIV P. 12(b)(1) AND (6)**

Defendants respectfully request that this Court GRANT Defendants' motion to dismiss, which is accompanied by a legal memorandum in support.

Plaintiffs are U.S.-based petitioners and Afghan national beneficiaries residing in Afghanistan with pending humanitarian parole requests filed under 8 U.S.C. § 1182(d)(5)(A). Citing the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, Plaintiffs allege that U.S. Citizenship & Immigration Services (USCIS) has unreasonably delayed adjudication of their requests. They also claim that USCIS unlawfully adopted new adjudication standards after the U.S. withdrawal from Afghanistan in August 2021 and the associated suspension of U.S Embassy services in that country.

The Court should grant Defendants' motion to dismiss. Under Federal Rules of Evidence (Rule) 12(b)(1), the U.S. Department of State (DOS) should be dismissed as a party because Plaintiffs fail to claim that they have been harmed by DOS. APA review is barred because 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of USCIS's processing of parole requests and because the law commits decisions regarding parole to USCIS' discretion. Further, Plaintiffs' claims of delay related to five of the parole requests at issue in this case should be dismissed as

moot because intervening USCIS action on those requests have negated the existence of an on-going case or controversy. Dismissal under Rule 12(b)(6) is proper because neither the APA nor the Mandamus Act authorize the Court to compel USCIS to adjudicate Plaintiffs' pending § 1182(d)(5)(A) parole requests. Separately, Plaintiffs allegations are legally flawed, including for failing to allege how USCIS's processing of their parole requests under the "new standard" runs afoul of § 1182(d)(5)(A) or the regulation governing the issuance of travel documents at 8 C.F.R. § 212.5(f). The Court should therefore GRANT the motion to dismiss for the reasons stated in the attached memorandum.

DATED: July 6, 2023

Respectfully Submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

YAMILETH G. DAVILA
*Assistant Director*

ALEXANDER J. HALASKA
*Senior Litigation Counsel*

*/s/ Sergio Sarkany*
SERGIO SARKANY
*Trial Attorney* (CA Bar #223584)
United States Department of Justice Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Benjamin Franklin Station
Washington, D.C. 20044
202-598-5624 | sergio.f.sarkany@usdoj.gov