IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAMARCHE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, *et al.*,<br><br>Defendants. | Civil No. 3:23-cv-30029-MGM |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Dated: August 3, 2023

Aleksandra Peryeva (BBO #695914)
CURRAN, BERGER AND KLUDT
79 Masonic St
Northampton, MA 01060
(413) 584-3232

Christopher W. Dempsey
DEMPSEY LAW, PLLC
50 N Laura Street, Suite 2500
Jacksonville, FL 32202
(904) 760-6272

**INTRODUCTION**

Plaintiffs bring the instant suit challenging action taken by U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of Homeland Security ("DHS"), and the U.S. Department of State ("DOS") (collectively, "Defendants") under the Administrative Procedure Act ("APA") and seeking declaratory and injunctive relief. Specifically, Plaintiffs argue that Defendants have unreasonably delayed adjudication of their parole applications. The Plaintiffs ask this Court to require that all of the Plaintiffs' applications be adjudicated within a reasonable time and pursuant to proper procedures and to the standards that USCIS had in place on August 31, 2021.

Defendants have moved to dismiss the complaint. They first argue that the Court lacks jurisdiction because Defendants' parole decisions as well as the pace of those parole decisions have been committed to agency discretion under 8 U.S.C. § 1182(d)(5)(A), and Congress has precluded judicial review of those decisions and actions under 8 U.S.C. § 1252(a)(2)(B)(ii) and 5 U.S.C. § 701(a)(1)-(2). Additionally, Defendants argue that Plaintiffs' claims of delay related to five (5) out of thirteen (13) of the parole requests are moot because USCIS has recently issued Requests for Evidence for those five cases. Finally, Defendants move to dismiss DOS as a party.

Plaintiffs oppose the motion. Plaintiffs assert that while USCIS has discretion to grant or deny humanitarian parole requests under 8 U.S.C. § 1182(d)(5)(A), and judicial review of such individual decisions is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii) and 5 U.S.C. § 701(a)(1)-(2), there is no statutory bar to the Court's review of the pace of such adjudication and provide remedy where the delay is unreasonable. As to the issue of mootness, Plaintiffs have submitted the responses to the Requests for Evidence to USCIS on the five mentioned cases, nevertheless the applications remain pending and have not reached final adjudication. Plaintiffs' claims therefore are not moot. Finally, Plaintiffs defer to the Court regarding the continued participation of DOS in this litigation, noting that DOS has a role in the cases that USCIS approves for humanitarian parole and DOS's closure of the embassy in Kabul may be cited as a reason for USCIS's decision to make grants and conditional grants of humanitarian parole unavailable to Afghans in Afghanistan as well as for a delay in parole adjudications.

**STANDARD OF REVIEW**

Subject matter jurisdiction is a threshold question that determines whether the court has the power to decide the case in the first place. *Ahmed*, 328 F.3d at 387. In evaluating a challenge to a court's subject matter jurisdiction, a court "must accept as true all nonfrivolous allegations of the complaint." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *McClain v. Panama Canal Comm'n*, 834 F.2d 452, 454 (5th Cir. 1987)).

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle them to relief. *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp*, 550 U.S. at 555 (citation omitted). The court must view the allegations in the light most favorable to the nonmovant. *Id.* To withstand a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

**ARGUMENT**

<u>The Court Has Subject Matter Jurisdiction to Adjudicate Plaintiffs' Claim</u>

Section 702 of the APA confers a general cause of action upon persons "adversely affected or aggrieved by [federal] agency action within the meaning of a relevant statute." 5 U.S.C. § 702. The APA permits courts not only to review arbitrary and capricious agency decisions but also to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). The APA review is unavailable if "statutes preclude judicial review" or "agency action is committed to discretion by law." 5 U.S.C. § 701(a)(1)–(2)

In challenging jurisdiction, the Defendants argue that 8 U.S.C. § 1252(a)(2)(B) and 5 U.S.C. § 701(a)(1)–(2) bar all possible challenges regarding parole decisions made under § 1182(d)(5)(A). However, while § 1252(a)(2)(B)(ii) precludes direct challenges to determinations made on individual petitions, see, e.g., *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d

481, 484, 486 (1st Cir. 2016) (concluding that a decision to revoke a visa petition approval is subject to the Secretary of Homeland Security's discretion pursuant to § 1252(a)(2)(B)(ii) and is therefore not subject to judicial review), it does not strip the Court of jurisdiction to hear challenges relating to unreasonable delay of such decisions.

Section 1182(d)(5)(A), which governs review of DHS's authority to grant humanitarian parole, provides that "no court shall have jurisdiction to review . . . any . . . *decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). "Decision or action" by plain language interpretation does not include inaction on the part of the USCIS.

There is a long-standing "presumption favoring judicial review of administrative action" that "can only be overcome by 'clear and convincing evidence' of congressional intent to preclude judicial review." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020) (citations omitted). The Supreme Court has emphasized that it has "consistently applied" this presumption "to legislation regarding immigration, and particularly to questions concerning the preservation of federal court jurisdiction[,]" including 8 U.S.C. § 1252(a)(2)(B)(ii). *Kucana v. Holder*, 558 U.S. 233, 251 (2010) (citations omitted). The § 701(a)(2) exception to this presumption of reviewability is "quite narrow." *Union of Concerned Scientists v. Wheeler*, 954 F.3d 11, 17 18 (1st Cir. 2020) (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2568 (2019)); see also *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 370 (2018) ("The few cases in which we have applied the § 701(a)(2) exception involved agency decisions that courts have traditionally regarded as unreviewable, such as the allocation of funds from a lump-sum appropriation, or a decision not to reconsider a final action . . . ."), *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003), *Haoud v. Ashcroft*, 350 F.3d 201, 206 (1st Cir. 2003).

To support their claim that this Court does not have the jurisdiction to review the unreasonable delay claim Defendants extensively rely on *Touarsi v. Mueller* 538 F. Supp. 2d 447, 452 (D. Mass. 2008). The *Touarsi* Court noted that the text of the statute does not explicitly limit the discretion granted the Secretary to his substantive decision on the application and found that the pace at which adjustment of status applications are reviewed is a part of the discretion and therefore its judicial review is precluded under 8 U.S.C. § 1255(a). 538 F. Supp. 2d at 452.

Numerous courts have taken a contrary view and held that § 1252(a)(2)(B)(ii) does not bar review of DHS's "failure to act." See *Zhou v. FBI*, No. 07-cv-00238, 2008 WL 2413896, at *4 (D.N.H. June 12, 2008) (joining the "majority of district courts in the First Circuit that have considered the issue" to hold that delay is not a discretionary decision within the meaning of § 1252(a)(2)(B)(ii), as related to 8 U.S.C. § 1255(a), which states that "[t]he status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe"; *Abdi v. Chertoff*, 589 F. Supp. 2d 120, 121 (D. Mass. 2008) (applying reasoning from *Tang v. Chertoff*, 493 F. Supp. 2d 148 (D. Mass. 2007), to find that "the jurisdiction-stripping language in the INA only bars review of the 'substance of an adjustment of status decisions,' leaving the 'pacing of such a decision' subject to judicial review"); *Vorontsova v. Chertoff*, No. 07-10426-RGS, 2007 WL 3238026, at *2 (D. Mass. Nov. 2, 2007); *Aziz v. Chadbourne*, No. 07-11806-GAO, 2007 WL 3024010, at *2 (D. Mass. Oct. 15, 2007); see also, e.g., *Ceken v. Chertoff*, 536 F. Supp. 2d 211, 215 (D. Conn. 2008); *Lindems v. Mukasey*, 530 F. Supp. 2d 1044, 1046 (E.D. Wis. 2008); *Belegradek v. Gonzales*, 523 F. Supp. 2d 1364, 1366 (N.D. Ga. 2007); *Alkeylani v. Dep't of Homeland Sec.*, 514 F. Supp. 2d 258, 262-64 (D. Conn. 2007); *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007); *Liu v. Novak*, 509 F. Supp. 2d 1, 7 (D.D.C. 2007); Cao v. Upchurch, 496 F. Supp. 2d 569, 573-74 (E.D. Pa. 2007), *Irshad v. Napolitano*, 8:12 CV 173, 2012 WL 4593391 (D. Neb. Oct. 2, 2012) at *5. *Labaneya v. USCIS*, 965 F. Supp. 2d 823, 827 (E.D. Mich. 2013); *Geneme v. Holder*, 935 F. Supp. 2d 184, 190 (D.D.C. 2013). In those cases, courts have found that USCIS's discretion does not extend to the decision of whether to process an application. In other words, USCIS cannot decide to simply abandon an application. *See* e.g*., Tang*, 493 F. Supp. 2d 148, at 153. In reaching this conclusion, the courts also relied upon the presumption favoring judicial review of administrative action, explaining that jurisdiction is limited only when Congress has expressed precisely that a particular decision is discretionary. *Id.*

The view that the pace at which parole applications are reviewed is a part of the discretion given under Section 1182(d)(5)(A) will contradict First Circuit precedent *Cho v. Gonzales*, 404 F.3d 96 (1st Cir. 2005). In *Cho* the Court held that while its jurisdiction to review the ultimate decision to grant or deny discretionary relief is barred by Section 1252(a)(2)(B)(ii), the Court still has jurisdiction to review the underlying decision or action that gave rise to the petitioner's grievance. *Id.* at 99. As applied to the case at hand, this means that even though this

Court does not have jurisdiction to review the ultimate grant or denial of Plaintiffs' parole applications, it still has jurisdiction to review other issues such as Defendant's alleged failure to act on the application in a timely fashion.

In addition to being supported by First Circuit precedent, this construction of the jurisdictional bar is consistent with the overall statutory scheme. If § 1252(a)(2)(B)(ii) reached as broadly as the government contends, then USCIS could, without fear of judicial intervention, flatly abandon over 50,000 parole applications for Afghan nationals submitted since July 2021 after encouraging the public to submit those application and collecting over $20 million in filing fees. Subject matter jurisdiction in this case would not give the Court the power to direct a specific exercise of discretion on part of the Government but would empower the Court to mandate that the discretion be exercised.

In a very similar litigation about parole adjudication for Afghan applicants currently pending at the US Massachusetts District Court, *Roe v. Mayorkas*, No. 1:22-cv-10808-ADB (D. Mass), Defendants filed a Motion to Dismiss for, *inter alia*, lack of jurisdiction due to discretionary nature of parole authority. However, the Court found that it has jurisdiction noting that § 1252(a)(2)(B)(ii) does not bar all judicial review of agency action taken under § 1182(d)(5)(A) and denied the relevant part of the Motion to Dismiss. Order on Motion to Dismiss at 17, *Roe v. Mayorkas*, No. 1:22-cv-10808-ADB (D. Mass, May 12, 2023) (ECF No. 73).

*Plaintiffs' Request to Compel USCIS to Adjudicate Parole Requests Has Not Been Mooted*

As a preliminary matter, the Court need not reach the issue of mootness as to some plaintiffs so long as one plaintiff's claims are live. Defendants only issued Requests for Evidence for five (5) out of thirteen (13) of the parole applications. Defendants have not taken any action on the other eight (8) cases. Moreover, all plaintiffs' applications for humanitarian parole remain unadjudicated. As such, the relief plaintiffs seek—adjudication of their long-pending humanitarian parole applications—has not yet been achieved. Their claims are therefore live and redressable by this Court.

If the Court does reach mootness, Plaintiffs submit that the act of issuing a Request for Evidence should not be seen as an action that moots the claim of unreasonable delay in adjudicating the applications. Issuance of the Requests for Evidence does not guarantee final adjudication of the applications within reasonable time. Indeed, Plaintiffs have submitted the requested evidence to USCIS, and their applications remain pending. There is nothing that would stop USCIS from abandoning the cases again if this Court declined the review. Indeed, as the record clearly demonstrates, absent judicial intervention, plaintiffs' humanitarian parole applications will continue to languish, same as the 42,169 other Afghan humanitarian parole applications currently pending adjudication before USCIS notwithstanding extreme threats to life and the safety of the beneficiaries concerned. See American Immigration Council, "Agency Failures Make Obtaining Humanitarian Parole Almost Impossible for Afghans" (Mar. 16, 2023) (citing production obtained pursuant to Freedom of Information Act, 5 U.S.C. § 552) (available at https://www.americanimmigrationcouncil.org/foia/uscis-failures-afghans-parole) (site last visited Aug. 3, 2023).

At most, Defendants' actions can be seen as voluntary cessation, which does not moot the claim. See, e.g., *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *ACLU of Mass. v. United States Conf. of Catholic Bishops*, 705 F.3d 44, 56 (1st Cir. 2013); *Gulf of Me. Fishermen's Alliance v. Daley*, 292 F.3d 84, 89 (1st Cir. 2002). Defendants have not met their burden of showing that the voluntary cessation exception does not apply.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Government's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted,

/s/ Aleksandra Peryeva

Aleksandra Peryeva (BBO #695914)
CURRAN, BERGER AND KLUDT
79 Masonic St
Northampton, MA 01060

                        (413) 584-3232

                        <u>/s/ Christopher W. Dempsey</u>
                        Christopher W. Dempsey
                        DEMPSEY LAW, PLLC
                        50 N Laura Street, Suite 2500
                        Jacksonville, FL 32202
                        (904) 760-6272

August 3, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: August 3, 2023

/s/ Aleksandra Peryeva
Aleksandra Peryeva