IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LESLEY LAMARCHE, et al.,

   Plaintiff,

v.

ALEJANDRO N. MAYORKAS, *et al.*,

   Defendants.

Case No. 3:23-CV-30029-MGM

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COME NOW, in accordance with Rule 15(a)(2), Federal Rules of Civil Procedure, and Rule 7.1, Local Rules of the United States District Court for the District of Massachusetts ("L.R."), Plaintiffs, by and through undersigned counsel, and respectfully request the Court enter an Order granting leave to file the Amended Complaint lodged herewith.

As this Court has noted: "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *See Green v. Cosby*, 99 F. Supp. 3d 223, 225-26 (D. Mass. 2015) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (*quoting* Fed. R. Civ. P. 15(a)(2)) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *see also Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) ( "In reviewing a district court's decision on whether or not to grant an amendment, we routinely focus our analysis on the prejudice to the nonmoving party.").

Plaintiffs hypothesize the Government will aver the proposed amendment is futile. However, "[a]t this stage in the case, the court is not reviewing the sufficiency of Plaintiffs'

factual allegations by ruling on [a] motion to dismiss for failure to state a claim." *See* Green, 99 F. Supp. 3d at 225. Rather, its analysis will be specifically limited to the issue of the complaint being amended (for the first time). *Id*. In other words, assuming the Government avers amendment is futile, the Court should decline any invitation to "preemptively analyze [a Rule] 12(b)(6) motion to dismiss in the context of determining whether Plaintiffs should be granted leave to amend their complaint. *Id*. (*citing Smith v. Costa Lines, Inc.*, 97 F.R.D. 451, 452 (N.D. Cal. 1983) ("[E]ven assuming that a one-year limitation period applies to the action against [the new defendant which the amendment in question proposes to add], defendants' opposition to the motion to amend the Complaint is not the proper vehicle for raising the issue.")); *see also* 61A AM. JUR. 2d Pleading § 731 ("[T]he fact that the claim may be difficult to prove does not constitute grounds for refusal of leave to amend."); 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10.

The Government is not anticipated to—and simply cannot—argue this Court should deny Plaintiffs' motion due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." *See Green*, 99 F. Supp. 3d at 226 (*citing Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Accordingly, leave to amend should be "freely given." *Id*.

\* \* \*

Pursuant to L.R. 7.1(a)(2), counsel for the Parties have conferred regarding the instant motion. Counsel for Defendants object to the relief requested. In accordance with this Court's prior Order, the "government's opposition to this motion is due thirty days from the date

Plaintiffs file their motion, and Plaintiffs may file a reply within fourteen days of the government's opposition." *See* Order Denying Class Certification (Dkt. No. 74) at p. 3.

\* \* \*

WHEREFORE, by and through undersigned counsel, Plaintiffs respectfully request that the Court enter an Order granting them leave to file the Amended Complaint lodged herewith.

Dated:  August 21, 2024                              Respectfully submitted,

*/s/ Jennifer Coberly*
JENNIFER R. COBERLY
Fla. Bar No. 930466*
AMERICAN IMMIGRATION
LAWYERS ASSOCIATION
1331 G Street NW
Washington, DC 20005
Tel:  202-507-7692
Email:  jcoberly@aila.org

*/s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
Fla. Bar No. 1038319
DEMPSEY LAW, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tele: 904-760-6272
Fax:  904-587-0372
Email:  chris@cdempseylaw.com
Web:  www.cdempseylaw.com

*/s/ Brian Green*
BRIAN GREEN
Colo. Bar. No. 56087*
LAW OFFICE OF BRIAN GREEN
9609 S University Boulevard, #630084
Highlands Ranch, CO 80130
Tele: 443-799-4225
Email: BrianGreen@greenUSimmigration.com
Web: www.greenUSimmigration.com

*/s/ Aleksandra Peryeva*
ALEKSANDRA PERYEVA
(BBO #4823589)
CURRAN, BERGER & KLUDT
79 Masonic Street
Northampton, MA 01079
Tele:  413-584-3232
Email:  ap@cbkimmigration.com
Web:  www.cbkimmigration.com

*/s/ Jesse Bless*
JESSE BLESS
BLESS LITIGATION, LLC
(BBO #660713)
6 Vineyard Lane
Georgetown, MA 01833
Tele: 781-704-3897
Email: jesse@blesslitigation.com
Web:  www.blesslitigation.com

*/s/ Sabrina Damast*
SABRINA DAMAST*
LAW OFFICES OF SABRINA DAMAST, INC.
510 West 6th Street, Suite 330
Los Angeles, CA 90014
Tele: 323-475-8716
Email: sabrina@sabrinadamast.com
Web: www.sabrinadamast.com

**Counsel for Plaintiffs**

 *Motion for leave to appear *pro hac vic*e forthcoming.

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2024, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

/s/ Christopher W. Dempsey
CHRISTOPHER W. DEMPSEY
*Counsel for Plaintiffs*