**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LESLEY LAMARCHE,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, *et al*.,<br><br>Defendants. | Case No. 3:23-CV-30029-MGM |

**RESPONSE IN OPPOSITION TO**
**SUGGESTION OF MOOTNESS BY DEFENDANTS**

COME NOW, Plaintiffs, by and through undersigned counsel, and respectfully file the instant Response in Opposition to the Suggestion of Mootness ("Sugg.") submitted by Defendants (Dkt. No. 98).

The Government avers that denial of the Forms I-131, Application for Travel Documents ("Form I-131") filed by Plaintiff Lesley LaMarche ("LaMarche") on behalf of eight (8) plaintiffs on December 20, 2024, moot the claims of these named Plaintiffs (hereinafter "LaMarche Plaintiffs"). *See* Sugg. at p. 1. The Government argues that since these Plaintiffs received decisions on the Form I-131s filed by LaMarche, "the claims of the remaining Plaintiffs are now moot for the same reason." *Id* at p. 2. The Government's position is incorrect.

## I. The Suggestion of Mootness by Defendants is Premature.

A finding of mootness here is premature pending the outcome of the Plaintiffs' Motion for Leave to Amend their Complaint, which involves a request to include multiple new plaintiffs in this matter. In *Cruz v. Farquharson*, 252 F.3d 530, 533-34 (1st Cir. 2001), the First Circuit Court of Appeals adopted a general rule that, "[d]espite the fact that a case is brought as a putative class

action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved." However, the *Cruz* Court also recognized exceptions to this rule indicating that its decision could have been different if, prior to ruling, 1) new plaintiffs tried to intervene in the lawsuit, or 2) the named plaintiffs had made an effort to amend their complaint to add new parties. *See* Cruz, 252 F.2d at 533.

In the case of *G.K. by next friend Cooper v. Sununu*, No. 21-CV-4-PB, 2024 WL 3566246, at *5 (D.N.H. July 29, 2024), a motion for leave to amend was granted in a similar procedural milieu. Though the case was technically moot, the U.S. district court granted the plaintiffs' pending motion for leave to file a second amended complaint and the case proceeded (and the putative class in G.K. by next friend Cooper was later certified). *See B.D. by next friend Wellington v. Sununu*, No. 21-CV-4-PB, 2024 WL 4227544, at *19 (D.N.H. Sept. 18, 2024).

There are policy considerations underpinning the protections afforded to putative class members. *See Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 327, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (Supreme Court held that allowing putative class representatives to be "picked off" would frustrate the objectives of class actions). *See also Bais Yaakov of Spring Valley v. ACT, INC.*, 798 F.3d 46, 49-51 (1st Cir. 2015) (Discussing the *Roper* and *Cruz* precedents in the context of a motion to dismiss for mootness) and *Brito v. Garland*, 22 F.4th 240, 247 (1st Cir. 2021) (Discussing *Cruz v. Farquharson* and finding that challenges to immigration detention and bond hearings fall under the mootness exception for circumstances where "it is 'certain that other persons similarly situated' will continue to be subject to the challenged conduct and the claims raised are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."),

citing to *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013).

The Plaintiffs in this instant matter qualify for the second exception set forth by the First Circuit Court of Appeals in the *Cruz* precedent, since their request for leave to file an amended complaint adding multiple new plaintiffs and claims was filed well before the Defendants' Suggestion of Mootness. *See* Dkt. No. 80 (filed August 21, 2024).

A case is only moot where it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The mootness review is grounded in "[t]he case or controversy requirement [and] ensures that courts do not render advisory opinions." *Overseas Military Sales Corp. v. Giralt-Armada*, 503 F.3d 12, 16-17 (1st Cir. 2007). "But as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Emps.*, 466 U.S. 435, 442 (1984). Moreover, "a plaintiff's challenge will not be moot where it seeks declaratory relief as to an ongoing policy." *See Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 386 (D.C. Cir. 2009). "The burden of establishing mootness rests squarely on the party raising it, and '[t]he burden is a heavy one.'" *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003) (*quoting United States v. W.T. Grant Co.*, 345 U.S. 629 (1953)).

This Court should find the First Circuit Court of Appeal's reasoning in *Cruz* instructive and find that the Plaintiffs' pending Motion for Leave to Amend their Complaint falls under the second exception in the *Cruz* precedent. Since the Plaintiffs sought to add multiple new plaintiffs to this matter before the Defendants took administrative actions on December 20, 2024, the claims of the putative class of Afghan interpreters and their families are not moot.

## II. <u>The Pick-Off Exception to Mootness Applies Here</u>.

As background, on January 25, 2024—just twenty-three (23) days after Plaintiffs filed their initial Motion for Class Certification, *see* Dkt. No. 41—Defendants issued conditional parole approval notices to Plaintiff Aminullah Noori on behalf of Plaintiffs Abdul Wakil Temori; Hafasa Temory; Mahboba; Hasan Zai; and Yasamin Temori. *See* Suggestion of Mootness (Dkt. No. 59). In response, Plaintiffs argued, *inter alia*, the pick-off exception to the mootness doctrine applied. See Reply in support of Motion for Class Certification (Dkt. No. 64) at pp. 7-8. This Court did not ultimately find merit in this argument as applied to the Noori Plaintiffs. *See* Order Denying Motion for Class Certification (Dkt. No. 74) at pp. 11-12.

While Plaintiffs respect the Court's prior ruling, there can be zero doubt the pick-off exception applies in the context of the LaMarche Plaintiffs. The pick-off exception to mootness applies when a defendant picks off named plaintiffs in a class action before the class is certified by strategically mooting named plaintiffs' claims in an attempt to avoid class action. *See Zherong Kang v. DHS*, No. 21-2944, 2022 U.S. Dist. LEXIS 173312, *14 (D.D.C. Sept. 23, 2022) (*citing Gomez v. Trump*, 2020 U.S. Dist. LEXIS 110132 (D.D.C. Jun. 23, 2020); *see also Wilcon v. Gordon*, 822 F.3d 934, 947 (6th Cir. 2016). That is exactly the Government's strategy here (the timing is telling); for this reason, its attempt to moot the claims of the LaMarche Plaintiffs should not be tolerated as both fundamentally unfair and in accordance with the pick-off exception to mootness.

The Court may recall the LaMarche Plaintiffs, by virtue of a Status Report filed on August 23, 2023 (Dkt. No. 26), sought humanitarian parole because the service of Fazal Fazli for the Presidential Protective Services of the former Afghan government—as well has his training by and

provision of assistance to United States military and coalition forces—makes him and his family enemies and targets of the Taliban regime. *Id.* at p. 2 and Exhibits A-B thereto.

> On August 22, 2022, Fazal's brother-in-law was killed by the Taliban when they entered his home searching for Fazal. Fazal continues to be tracked by the Taliban and in June 2023, he learned that the Taliban once again arrested and killed a family member of his, this time his 17-year-old nephew. More recently, the family learned that another one of Fazal's nephews was killed about two weeks ago. *See* Exhibit A, Plaintiff's Affidavit; Exhibit B, Emails from Plaintiff; Exhibit C, Screenshots of Texts Received.

*Id*. Based on these circumstances, it is beyond comprehension that Defendants could determine without any substantive justification whatsoevver that "parole is not warranted." *See* Dkt. Nos. 98-1, 98-2, 98-3, 98-4, 98-5, 98-6, 98-7, 98-8. The legal standard for humanitarian parole, generally, is simply: "urgent humanitarian reasons." See 8 U.S.C. § 1182(d)(5)(A). Additionally, guidance promulgated by USCIS prioritizing humanitarian parole for "individuals who have assisted the U.S. mission and assert risk of harm but may not be eligible for COM or SIV approval . . . ." *See* Information for Afghan Nationals on Requests to USCIS for Parole, U.S. Citizenship & Immigration Services (Oct. 11, 2024) (available at: http://bit.ly/3PKsiOr) (site last visited Jan. 23, 2025). The only cognizable reason why defendants have denied the LaMarche Plaintiffs' humanitarian parole applications is to gain unfair advantage in this litigation. For these reasons, and the othere set forth herein, even if this Court determines the claims of the LaMarche Plaintiffs to be moot, it should apply the pick-off exception to mootness under these circumstances.

* * *

WHEREFORE, by and through undersigned counsel, Plaintiffs respectfully request that the Court enter an Order: (a) denying the Government's request to dismiss this action as moot; and (b) providing such other and further relief as the Court deems equitable and just.

Dated: January 23, 2025

Respectfully submitted,

*/s/ Jennifer Coberly*
JENNIFER R. COBERLY
Fla. Bar No. 930466
AMERICAN IMMIGRATION LAWYERS ASSOCIATION
1331 G Street NW
Washington, DC 20005
Tel: 202-507-7692
Email: jcoberly@aila.org

*/s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
Fla. Bar No. 1038319
DEMPSEY LAW, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tele: 904-760-6272
Fax: 904-587-0372
Email: chris@cdempseylaw.com
Web: www.cdempseylaw.com

*/s/ Brian Green*
BRIAN GREEN
Colo. Bar. No. 56087
LAW OFFICE OF BRIAN GREEN
9609 S University Boulevard, #630084
Highlands Ranch, CO 80130
Tele: 443-799-4225
Email: BrianGreen@greenUSimmigration.com
Web: www.greenUSimmigration.com

*/s/ Aleksandra Peryeva*
ALEKSANDRA PERYEVA
(BBO #4823589)
CURRAN, BERGER & KLUDT
79 Masonic Street
Northampton, MA 01079
Tele: 413-584-3232
Email: ap@cbkimmigration.com
Web: www.cbkimmigration.com

*/s/ Jesse Bless*
JESSE BLESS
BLESS LITIGATION, LLC
(BBO #660713)
6 Vineyard Lane
Georgetown, MA 01833
Tele: 781-704-3897
Email: jesse@blesslitigation.com
Web: www.blesslitigation.com

*/s/ Sabrina Damast*
SABRINA DAMAST
LAW OFFICES OF SABRINA DAMAST, INC.
510 West 6th Street, Suite 330
Los Angeles, CA 90014
Tele: 323-475-8716
Email: sabrina@sabrinadamast.com
Web: www.sabrinadamast.com

***Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2025, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

/s/ Christopher W. Dempsey
CHRISTOPHER W. DEMPSEY
*Counsel for Plaintiffs*